The next case for argument is 17-1188 Flexus Spine v. Globus Medical. Good morning, help me pronounce your name. Arun Subramanian. Good morning. Thank you. Good morning and may it please the court. Arun Subramanian from Sussman Godfrey on behalf of the appellant and counter-appellee Globus Medical. This is a case where a jury sitting in the Eastern District of Texas, after hearing all the evidence in the record concerning the invalidity of Flexus Spine's patents, properly reached that issue. After having been told that if they find no infringement, they should not go on to the issue of validity, correct? Certainly, we don't disagree that the verdict form included a stop instruction after the infringement questions, but the oral instructions that the judge delivered before trial and after trial did not have that stop instruction. How much of your argument depends on the oral instructions? Let's take that out of the picture and say that the oral instructions said the same thing as the verdict form in exactly the same language. Would you have an argument here then? Well, that's obviously not the case that we have here. I think it would be a closer issue, but I still think in that context that the Seventh Amendment, because of its very strict rules concerning waiver, would compel a decision in our favor, and here's why. This is not the normal case where a claim is submitted and there is a withdrawal of that claim or a formal withdrawal of a jury demand, for instance, under Rule 39. There's no dispute here that none of that occurred, right? There was never a discussion, even during the charge conference, even during the conference where the verdict form was considered, where there was any suggestion that Globus was somehow withdrawing its invalidity counterclaim from the jury. That just wasn't done. It was not discussed. But they were shown the verdict form, asked repeatedly whether they object or whether they were okay with it, and they said nothing. We can use whatever words we want, whether it's waiver or objection or whatever. It all amounts, in my view, to the same thing. They had an opportunity to object, and they didn't, and therefore they agreed. Well, absolutely. I'm not going to stand here and say that we objected to that stop instruction in the verdict form. By the same token, Flexus Fine certainly didn't object to the oral instructions, which went back with the jury as well, and repeatedly told the jury, you must answer the question on invalidity. That's why I want to put aside the oral issue. I have a very hard time if the oral instructions were consistent with the verdict form and said the same thing, that your failure to object wouldn't be a waiver of having the counterclaim presented to the jury. Suppose you agreed, okay, we agreed. Instead of failing to object, we agreed with the verdict form and instructions. You lose? No. Are you assuming that the oral instructions are different? No, that they're the same. Right, that they say the same thing as the verdict form. Yeah, and you said we're okay with the instructions, we're okay with the verdict form. You lose, right? Well, at a certain point, you can waive your Seventh Amendment rights. In that context, it sounds closer to a clear and unmistakable waiver, which is what the cases under the Seventh Amendment require. But that's not what happened here. And just to take a step back, so before the jury returns with the verdict, we have, at worst for us, an ambiguity in the instructions that were delivered to the jury because the oral instructions were very clear, you must answer this question, and sure, there was the stop instruction that was in the verdict form. Now, remember what happens. The jury resolves that ambiguity in our favor, okay? At that point, the Seventh Amendment required the district court to accept the jury's verdict. The district court does something different. Without giving counsel an opportunity to discuss the issue, without giving counsel an opportunity to object, which is the opposite of what usually happens when the jury comes back with a note or with anything else where there needs to be a discussion, the judge orders the jury to erase its answers to the invalidity question. I've not seen this happen anywhere in American jurisprudence. FlexiSpine hasn't cited to a case. The district court didn't refer to a case. We couldn't find one because it is unprecedented under the Seventh Amendment. And, in fact, the district court, on Appendix Page 8, actually cites to the case. Well, there are cases in the Fifth Circuit saying that if there are inconsistent instructions that the court can, I mean, if there are inconsistent answers on the verdict form, the court can reconcile. Right. Absolutely. The district court cited to the Nance v. Gulf Oil case. That case has been, statements in that case have been repeated by the Supreme Court and in other circuits. But there's no question that the invalidity answers were not inconsistent with any of the other answers that the jury had provided. But they were inconsistent with the form. So there was, you know, inconsistency defined broadly is, let's assume, as I said, there's no issue about what oral instructions were given and all you have is the verdict form. It raises a question. It's like, well, did the jury really mean to do that? Did they really mean to find infringement and they just checked the wrong box because only then, following the verdict form, would they have reached the validity counts? So it seems to me, based on the Fifth Circuit precedent, that's enough of an inconsistency to use the term inconsistency. I don't think so because the rule, right, that the district court itself cites is that if there's any view of the case in which the jury's answers can be viewed as being consistent, you have to accept the jury's answer. So the rule is actually the opposite of what Your Honor was just positing. How can it be consistent? Again, if we're only looking at the verdict form and it says if you find non-infringement, you don't reach validity, and they find non-infringement and then they go on to reach validity, isn't that an inconsistency? That's an inconsistency with the directive in the verdict form and that's not right. I mean, I just want to be clear that when I'm answering these questions, this is assuming counter to the facts in this case that essentially we had agreed to give up the ghost on the invalidity claims. And the entire premise here is that we didn't do that, that there was never any suggestion that we were withdrawing the counterclaim. And in fact, the oral instructions that went in without FlexiSpine's objection were very clear that you must answer both of these questions. Are you familiar with the Carr case in the Fifth Circuit? I'm not sure. Well, I mean, it's 312 Fed 3rd and it says we've concluded that a district court does not abuse its discretion in reconciling verdicts containing answers to interrogatories that the jury was instructed not to answer when it either disregards  or resubmits the interrogatories to the jury. That seems like an approval of what the kind of approach that the district court took here. Well, there are numerous cases in which courts address the situation. I mean, if we're now in the kind of counterfactual context where there was nothing else in the record, you know, the record was clear that we were somehow kind of agreeing to not have the jury address the invalidity claim, could we then force the court essentially to adopt the invalidity claim? I mean, there are certainly cases applying the Nance rule in our favor, basically saying that you have to accept the jury verdict if there's any view of the case in which the inconsistent answers can be reconciled, even when those inconsistent answers are somehow deviating from the instructions on a verdict form. I mean, those cases are there. One case that actually came out after this appeal had been submitted, Idaho Golf Partners v. Timberstone Management, and that's 2017 Westlaw 353-1481, and that's a case where... Is that a Fifth Circuit case? It's not. It's a district court case. But this is a very rare situation. We were unable to find any case in which a judge actually told the jury on facts that are similar to this one to actually go back and erase answers on a verdict form, especially when the jury did the right thing. They heeded the instructions. There are cases that say that, and where the verdict's inconsistent. I mean, I guess what you're saying is those cases involve situations where under the legal theory that was presented that the answers were inconsistent, whereas what you're saying here is that under the legal theory that was presented, the answers were not inconsistent. In other words, a case where it said, if you find no negligence, don't go on to question 2, which relates to causation. You'd say that the answers are inconsistent based on the theory of the case, whereas here that's not the situation. I mean, that's basically what you're arguing, right? Well, no, I think it's a little bit different. I mean, we do point to those cases, right? But the questions from the panel have focused on, well, what if we assume that there weren't these oral instructions and the case was presented in a different way? And it is true that our argument here is, look what happened. There were the oral instructions. There was the presentation of both infringement and invalidity. There was never any suggestion that those were somehow... that invalidity was only an affirmative defense. There was no withdrawal of the claim. Well, even if it were an affirmative defense, it still would have been presented at trial because if they had decided there was infringement, it would have necessarily have to have reached these validity contentions, whether they were counterclaims or validity. Right, and of course it was presented at trial. Absolutely, but it was presented in the instruction as being separate issues that the jury must consider, and FlexiSpine didn't object to those. But this is not... You know, when we're talking about waiver... I don't know why you don't want to accept my characterization of your theory. It seems to me it makes sense. What you're saying is you can erase the second answer, interrogatory answer, if you can't have the two answers be consistent with the theory of the case, but that here the two answers are inconsistent with the theory of the case. The only problem is that district court told them not to go on to question whatever it is to if they answered question one. If I understand the context, I'm not going to fight you on that. I do think it's different from the situation where there are internally inconsistent answers. That's the situation that is presented in the cases where a judge resubmits the verdict to a jury. So that is what we're talking about here, and we're even in a better position because of the oral instructions and the fact that the jury did the right thing in the first instance. The Seventh Amendment says if the jury does the right thing in the first instance, you have to go with what the jury said. But I don't understand why the judge has to accept the jury verdict that's inconsistent with his instructions even though the verdict would be consistent with the theory of the case. I don't understand why you can't tell them not to go on to question two without objection and then say, well, you didn't follow my instructions, so I'm erasing the second part of the verdict. Right, and even the district court didn't say, well, that was what I intended. That was the right way to approach the case. The district court's decision was premised on this issue of waiver, and our point was that that's not the issue because the oral instructions properly instructed the jury to address both questions. I honestly don't think at that point in time that the issue was submitted to the jury that anyone thought that we were somehow sub salientio withdrawing the invalidity counterclaims from the jury's province. But you're presumed to have read the form, and the form clearly says something different, and the court pressed whether or not there's an objection to that, and whether or not you're all okay with that. And given that, I mean, what more clarity could you want? Okay, there's different people say different things all through everything that's going on, but why is that not sufficient to constitute a waiver? It's for this reason, that the oral instruction said something different. I mean, you could say exactly what you just said. You could say that to flex your spine because the judge did exactly the same thing. He walked through those oral instructions that were delivered to the jury, and there was never an objection saying, well, judge, remember that the invalidity claim is only being presented if there's a finding of infringement on these claims, and that needs to be included in the instruction. You could say that exact same thing. So the facts here are that there was, worse for us again, an ambiguity in the instructions between the oral instructions and the verdict form. The jury resolves that ambiguity in the right way by addressing the invalidity questions, and instead of accepting that verdict, which is what Nance and these other cases would say, it's what the Seventh Amendment waiver principles would dictate, the judge does the opposite thing, which is unprecedented, telling the jury, you need to erase your answers to those invalidity questions. Even the district court acknowledges that the invalidity counterclaim is still live in the case, and that's the only reason why we get to the second part of our appeal, which has to do with the judgment as a matter of law. The district court's in a bind because now that it's told the jury to just go erase those answers, it now has to entertain a judgment as a matter of law motion where there hasn't been a verdict. So even the district court didn't think that we waived the counterclaim somehow from the case, because of course there was no evidence anywhere that the issue had been directly addressed and that we were somehow withdrawing the counterclaim from the case. I mean, that's really what happened here. The error that happens is not before the jury comes back, right? It's the jury comes back in our favor, and they say, look, we are going to address the invalidity counterclaims, because that's what we were instructed to do by the judge. It's the district court at that time, without giving counsel an opportunity to even comment on the matter, says, jury, go back, take out your answers to question number two, and then return. And at that point, we did make an objection. So why isn't there an agreement not to submit the invalidity issues to the jury if they find no infringement, why isn't there an agreement effectively to withdraw the counterclaim? Because I don't think that there's sufficient evidence to infer the withdrawal of that counterclaim based on the fact that in the, I mean, we all agree that the oral instructions, I mean, our position in the district court was that the oral instructions actually prevail over anything in the verdict form. But even if you view them all as part of the same kind of pot, then you can't infer an agreement in that context, especially where the Seventh Amendment is implicated. So in the cases that we cite, like Jennings v. McCormick, the rule is not like it is in the normal context. You don't just infer a waiver based on kind of one thing that happened. You have to have a clear and unmistakable waiver. So basically, there has to be just no doubt that there has been a waiver of the jury demand in this context. Well, the only theory in which that would be the case is if we were to say, well, the person that agreed to the verdict form understood that it didn't mean what it said or that he wasn't agreeing to anything in fact because of the oral instruction, right? I mean, it's kind of hard to avoid that under any waiver theory. Absolutely not. Well, what would be the theory about what the person who had the opportunity to object, who was asked, who said verdict form is fine, what was in his mind then? How was he reconciling the oral instruction and what was saying in the jury form? Okay, well, I mean, I can tell you that we, in our briefs, we characterize this as a mistake. That's certainly what it was. The actual conference on the verdict form, all the way through to the conference on the verdict form, we obviously did not have a stop instruction in the verdict forms that we were submitting. In the Eastern District of Texas, it's a rocket docket. These cases get tried in a very compressed manner. We had the conference, I think, right before we had closings in the case and we made a mistake and that's what it is. What's your best case for this proposition that you can't waive something under the Seventh Amendment by failure to object? Well, I think that the best cases are, for instance, Jennings v. McCormick, the right to a jury trial is too important and the usual procedure for waiver is too clearly set out by the civil rules for court to find a knowing and voluntary relinquishment of the right in a doubtful situation. And just on that point, to answer your question, what normally would have happened in this context if there really was a suggestion or a thought from anyone that the counterclaim was being withdrawn from the jury's province is you would have, under Rule 39, you would say, well, let's stipulate that the counterclaim is being withdrawn. Are you withdrawing it from the case? The question would have been asked and we would have said, no, absolutely, we're not withdrawing this counterclaim from the case, but the noticeable thing about this record is that there's actually nothing other than that line where we didn't object to the questions on page 2 of the verdict form. There's nothing else to suggest that we were somehow converting the invalidity counterclaim into an affirmative defense after having presented it and after the judge in preliminary jury instructions and after the fact jury instructions  that was being presented to the jury. But what case says that you can't waive the right to jury trial by failure to object? I think the cases are pretty fact-specific, but the principles that are stated in those cases are very clear that you don't infer waiver in a doubtful situation. I cited Jennings. There's also the Trey Rapp, Inc. versus 6L's Packing Company case. Would it be fair to say that none of those cases involved a situation which the court said a failure to object wasn't sufficient to accomplish a waiver? Oh, no. The general principle that if the judge is saying, I'm not going to submit this issue to a jury and then you say nothing about it, I do think that, as the district court noted, that you can have situations where my conduct... That would be a waiver, right? That would be a waiver, yeah. Right, but that's not what happened here is our point because the oral instructions, everything else, there was never any point in time in which the district court said, well, Mr. Subramanian and Globus Medical, I see that you're withdrawing your invalidity claim and only presenting it as an affirmative defense, right? This is actually what causes the problem later when the district court says, well, what am I supposed to do with this counterclaim? There was never any discussion like that. Of course, if there were, we would have said, well, no, Your Honor, we're absolutely submitting that counterclaim to the jury consistent with your own oral instructions. Now, I know you say these are summary judgment cases, but there are plenty of cases in which a case comes up on summary judgment and the counterclaims are dismissed without prejudice and the case comes up to us on appeal based on claim construction and finding of stipulation of non-infringement. That happens all the time. At the summary judgment stage, that's right. And why is that different? Why would that be different? Right, because the premise of that rule is that if there's a finding of non-infringement, then to save judicial resources in having a trial on validity, in a district court's discretion, I actually think that the appellate court is sort of bounded in what it can do by Supreme Court precedent, but the district court has discretion not to go forward and consider the claim for invalidity. I'm not aware of any case where claims are actually submitted to a jury. There's a full trial record. And then a court says, well, the jury's come back, found patent's invalid, but I'm going to throw out this entire issue as moot. That's just never been done. And it's understandable why, because you've already had the full investment of resources. You have a full trial record. It's in there. And now the judge is saying, well, let's throw that in the trash can, because you're just going to have to do it again later. And there's a real risk that we will have to do this later, because even though FlexiSmine lost this round, our understanding is that they may come sue us on other products. And so we might have to face these claims once again, which would be really unfair, given that not only was a full trial record created, where the parties and the court invested these resources, but more than that, we actually got a jury verdict that was proper and said that these claims are invalid based on overwhelming evidence of invalidity. And that's really, I mean, in terms of the 50B motion, the point of that really is, look at these references. This is a really crowded field of art where there are just minor differences between these references. We don't, I mean, really, we think that it could have been invalid as a matter of law. It should be invalid as a matter of law, but the jury made that finding after hearing all the evidence. Okay. We'll restore two minutes of rebuttal. Thank you. Good morning. May it please the court, Mark Strong on behalf of FlexuSpine. Your honors, I would like to begin the discussion with the 810 patent. It's the cross of appeal. And this is a patent which describes the relative movement, specifically oblique movement. The court will recall from the briefs, there's diagrams, I think it's page 34 of the red brief, which show an insert in the middle with a ramped edge. And as that ramped edge goes linearly... You think we're not really interested in the first argument? Oh, absolutely, Your Honor. You're talking about the jury verdict? Oh, yes, sir. I definitely want to address that. I just wanted to make sure I addressed the 810. I'm happy to do the jury verdict first if you prefer. Yes. Okay. I would like to make two points at the outset for that. First of all, counsel described the judge's actions as telling the jury to erase its answers, and that's not actually what happened. If you look at the appendix, page 5011, there's the discussion, and the judge just says, without telling anyone what the answers are, jury, you have not followed my instructions. Go back and follow them. He didn't say erase it. They could have come back and found and changed their answer. What about the oral instructions that your friend tells us were inconsistent and that the jury therefore could have reasonably resolved an inconsistency as opposed to just going off on a lag? Your Honor, the oral instructions do nothing more than say the issue of infringement and the issue of validity are separate inquiries, which, of course, they are. It in no way says you have to answer both regardless. It doesn't even address whether it's conditioned or unaddressed. Well, what's literally, read us from the instructions, the oral instructions. Do you have the record here? Oh, yes, sir. I thought it was in document 250. Do you want to give us the appendix site if you have it? Your Honor, if you might indulge me by reading what section that perhaps I could answer. Well, in my notes, the court instructed the jury, quote, answer each question from the jury forum from the facts as you find them to be in the case, period, close quote. Was there any other jury instruction relevant to the issue at hand? No, Your Honor. I mean, in the jury instructions on A33, I guess this is the original. This is not the final instruction, but I think it's the same. It says you must decide the following three main issues. And that says infringement, invalidity, and damages. And I think that's reflected in the final jury instructions as well. Your Honor, I would submit that that in no way is inconsistent with the conditional submission, which was given to the jury. I mean, it does seem a bit inconsistent, right? You must decide the following three main issues. Well, Your Honor, again, I respectfully disagree. Those were three issues before the jury. They must decide each one based on the evidence. But if it's submitted as an affirmative defense, which in this case it was, then the validity issue is contingent on a finding of infringement. As a defense, if you find no infringement, then invalidity is irrelevant as are damages. But there's no indication. But the only thing you have to rely on is that they didn't object to the verdict form, right? They didn't withdraw their counterclaim. They didn't recast their counterclaim as an affirmative defense. All you have is support for what went down here is the failure to object to the verdict form, right? Well, Your Honor, my position is that in agreeing and acquiescing in the form of the verdict, they effectively waived invalidity as a counterclaim. That is the position. Well, did they withdraw it? I mean, are you saying they withdrew their counterclaim, that they recast or reconstituted their counterclaim as an affirmative defense? Because clearly the judge thought the counterclaim was still around. At the end of the day, he dismissed it without prejudice, so there's still something there called the counterclaim. He did do that, Your Honor, and I confess my confusion of how he thought that. But be that as it may, the form as submitted, and it was the burden of Globus to request a submission of a counterclaim if it wanted to proceed on the counterclaim. Well, that's the way in which they had pitched the case right up to the moment of the creation of the jury court. Certainly, up until... So I think what your argument has to be is that the jury was free to understand. The jury heard this as a counterclaim. They knew that. So you're saying because of the jury form, the judge recharacterized the... or your adversary, by agreeing to the jury court, recharacterized the nature of the claim for purposes of the jury's assessment, but not for purposes of the whole case? Well, respectfully, Your Honor, the jury did not hear invalidity as a counterclaim. It merely heard invalidity. Invalidity, that's an issue. It has legal ramifications both as a defense and as an affirmative basis for a leak. But the issue tried wasn't a counterclaim or a defense. It was simply invalidity. Yeah, but then we get back to the jury instructions, and not only the part that I read to you earlier. This is at 49, 35, and 36, which are the final instructions. It says infringement and invalidity are separate questions and should be considered and answered separately by you, the jury. And then he says you must decide the following three main issues listing infringement and invalidity. And then on the next page, he says you must decide whether any of these items, which have been preferred by Globus, serve to invalidate the asserted claims of the patents. Yes, Your Honor. He says you must decide. He keeps saying you must decide the invalidity question. Your Honor, I think that is an accurate description of the separateness of the inquiry with regard to infringement and with regard to invalidity. But again, invalidity in and of itself is neither exclusively a defense. Suppose we were to construe the oral instructions as saying it's not contingent, you must decide infringement, and regardless of your decision on infringement, you must decide invalidity. Suppose that were the oral instruction. Okay, what should the district court do under those circumstances when there would be then a direct conflict between the oral instruction and the jury? Positing that hypothetical, an obvious direct conflict between the instruction and the verdict form instruction, then it is discretionary with the court of how you deal with that conflict. In this case, the court appropriately used its discretion to say since the jury form, the verdict form, says do it this way, I'm using my discretion, you should disregard. And I want to make sure. Oh, as I finished your sentence, you should disregard what? You're saying the district court has the discretion to tell them to disregard the jury instruction? No, Your Honor. I'm sorry. I didn't make that clear. The court had the discretion to stop after the answer to the first question. And any answer to any question after that, be it in validity, damage, or otherwise, is a nullity. It's superfluous. For example, if they had answered in my favor. Wait, but the hypothetical is that the oral instructions tell them to decide both regardless. Indeed, Your Honor. And now you have a conflict. And my answer to your question is that what the judge does with that conflict is within his discretion. And in this case, he exercised, even under the hypothetical you pose, he exercised the discretion to disregard anything after. Why is it solely within his discretion? There has to be some clear waiver. So doesn't the fact that the two are absolutely on their face inconsistent, doesn't that suggest that there's been no clear waiver by agreement or failure to object to the jury form? And if, in that case, it's not really all up to the judge and his sole discretion, he has to conclude that there was a real waiver, even though there's some tension between how things went down, right? Well, Your Honor, I would submit that, one, he doesn't have to, in that case, find a waiver. He can say this is in conflict, but I am going to exercise my discretion. My instruction as the jury as to which to answer in what order was as follows. And therefore, in my discretion, I'm going to instruct him to only answer and treat anything afterwards, for plaintiff or defendant, as superfluous, which is what happened here. I wouldn't be making this up. Because he is, because the district court judge in exercising that discretion decides that Globus changed the nature of its validity challenge through the jury form from a counterclaim to an affirmative defense. Well, Your Honor. Isn't that essential to your argument? That, yes. So where does the judge get the discretion to change the theory of a case? Well, he's now posed with this answer in which the jury has obviously disregarded his instructions on the verdict form. Now what does he do? That's what's facing the judge. And you can't do a replay. You can't go back. What if the jury had answered only the first question and pursuant to those instructions didn't answer the second? And so the judge enters a verdict solely on the first question without regard to any other questions. That's one possibility. And so what Globus is positing is that a rule that would apply only if the jury disregards that verdict form instruction. And I submit that that type of rule is prone for mischief. We just need a system that the judge instructs the jury only answer this conditionally. And right there on the front, in all caps, a party doesn't object to that form, albeit by mistake or intent. Why wouldn't the result be if there was a direct conflict between the jury form and the instructions, why wouldn't the result be a judge neutral? I'm sorry, Your Honor? Why wouldn't the result be that you have a neutral if there's a direct inconsistency between the verdict form and the instructions? Your Honor, going back to the hypothetic we posed earlier, certainly I think he has discretion to order a neutral based on that conflict. But maybe he has to order a neutral if he's given inconsistent instructions. Well, Your Honor, I would return, and I know it's the needle stuck in the same groove, but given the format of the instructions in the verdict form, I would posit that he has the discretion to disregard. Who created the jury form? The verdict form? The verdict form says, you know, answer one, answer one, don't answer two. Did the judge propose that to the two parties and say, is this okay with you? Yes, Your Honor. The parties submitted competing forms. The judge with his law clerks then prepares a verdict form and gives that to us as a proposed form. Okay, so let's get straight. So the parties prepared jury forms. What did your form say? Exactly what was submitted, Your Honor, that conditioned the submission of invalidity on a finding of infringement. And the other side presented a form that said decide both? Without condition, yes. Without a condition. Well, they didn't, did the form say that or it just didn't have that insert? It just did not, I'm sorry, I interrupted. It did not have the insert. It was just here's one, here's two with no discussion between the connections. So those were the two competing forms. And their form didn't say you must decide, you must decide both? Is that what their said? No, it did not. It said question one, question two with no preamble about the relationship, if any, between one and two. So their proposed form was inconsistent with the oral instructions. The oral instructions said you must decide one and you must decide two. It certainly didn't have any instructions. Was there a conference? Was there a conference in front of the judge on before the oral instructions? Yes, Your Honor. Is that in our record? Yes, Your Honor. Your Honor, I believe if you'll go to the, Your Honor, I'm sorry, but in the record there is an appendix in our brief when we talk about the recitation of the charge conference. You'll see the recitation of the four times that the judge asked on the record are there any objections to the verdict form as a whole as to this specific page? The verdict form I'm trying to get at is whether there was any negotiation, if you will, over the oral instructions. Where did the oral instructions come from? Again, Your Honor, the parties submit, in a part of a pretrial order, competing jury instructions, the oral instructions, if you will, and then there is a conference in which the parties, counsel, and the judge and the law clerks talked about it and talked through that. Off the record. Off the record. Initially it's off the record, and then the judge, based on that, prepares a proposed form, and then we have a meeting on the record, and on the record the court inquires about any objections or discussion in regard to his proposed jury instructions. And there were no objections to the oral instructions? Not from Globus, Your Honor. Fletcherspine had some objections, which have nothing to do with the issue here. So if the instructions were read as saying you have to decide both infringement and invalidity, then maybe you should have objected to those oral instructions, huh? Well, Your Honor, again, I respectfully disagree that they said that. They said they're separate issues. I do not read that. But I'm asking a hypothetical. I'm saying let's assume that the oral instructions said you must decide both. And didn't have the contingency of the verdict form. So don't you have a problem that you didn't object to those instructions? Well, no, Your Honor, because the invalidity, regardless of how posed, is Globus' burden. It's not mine to ask how to submit that. But what I'm hypothesizing is that district court gives an oral instruction which is directly inconsistent with the verdict form. It says you must, under all circumstances, decide both of these. Let's assume we read the oral instructions that way, and that's inconsistent with the verdict form. You didn't object to that instruction, and isn't that a problem for you? I submit not, Your Honor, for the reasons that I've been alluding to. No. Why is that not a problem? Because it is not my issue. And any problems that results from the conflict of- It's not your issue? You're saying that a failure to object to a jury instruction is excused if it's not your issue? No. What I'm saying, Your Honor, is whether or not it is submitted as a defense or as a counterclaim is the purview of the defendant. It's Globus' in this case. There were pleadings to support both. And whether to submit as both or as just one was not my concern. I would not object to that. There was a pleading to support as a counterclaim, without a doubt. I mean, clearly, the district court didn't view them as having recast their counterclaim as an affirmative defense. If so, why would he have, at the end of the day, realized and recognized correctly that there's still this counterclaim out there that I have to deal with? And he called that a counterclaim. He didn't say, I have this affirmative defense. He realized there's still something in the case. Obviously, he didn't conclude that they had withdrawn their counterclaim. Right? If not, he wouldn't have had to have dismissed it with no prejudice. If I understand your question, if you're asking me, when he instructed the jury, was he cognizant that this is being submitted only as a defense and not a counterclaim? I don't know what he thought, but I doubt that he was focused on that. I don't. There was not a discussion. But when he says in his oral instructions, which he had agreed on earlier, you must decide both of these. They are separate. That has to mean he's looking at it as a counterclaim. Because if they're not separate, totally separate, and you don't have to decide them both, then obviously, it's an affirmative defense. Well, Your Honor, respectfully, I just disagree. The fact that infringement and validity are separate issues, even if it is only part of as a defense, the invalidity doesn't – it's just different whether or not something anticipated or otherwise is a different inquiry, a different burden, a different body of proof than infringement. And so it is always appropriate to say those are separate inquiries. It doesn't mean that you must decide it. You don't need to decide invalidity if you've decided no infringement. You don't need to. That's correct. But when the judge in the oral instructions, as I understood them, is saying you must decide both issues, the judge is thereby characterizing the validity challenge not as an affirmative defense but as a counterclaim. And, Your Honor – In his head, and it's confirmed, as the Chief Judge said, by the fact that he afterwards said, what am I going to do with the counterclaim? Well, Your Honor, respectfully, I do not think that's what he is thinking. I think he is saying each of these points are separate. You must not conflate one issue with another. You must consider them separate. I think that is as far as you can say what the judge had in mind. If you then go to the verdict form where you have these competing forms and he selects a form which is clearly only for an affirmative defense, then one must decide at that point he is going to submit it as an affirmative defense to which Globus has acquiesced. So I think that's the posture of the case when he sends it to the jury. And now the problem everyone faces, the jury comes back, doesn't follow instructions, what do we do? Your Honor, I know my time has expired, but I would really like to address the 810 patent, if I may, briefly. Take a minute or two. Thank you, Your Honor. Your Honor, the 810 patent was dismissed by summary judgment. This has to do with oblique movement. Essentially, Your Honor, you'll see on page 34 and 35 the diagrams that describe both the concept of oblique movement as well as how it applies to the accused product. It's a ramp, and when you apply a force to a ramp, it's going to go forward and it's going to go up. But movement analysis of any sort requires a frame of reference. If you say move to the left, I have to inquire, do you mean my left or your left? I need a frame of reference. To the same fact, you need a frame of reference, oblique to what? And the Claim 17 perfectly describes oblique to the upper body and lower body. And the party's agreement says respect to the upper body and the lower body. If you pick any two points, one on the expansion member and one on the lower body, for example, and then you move it, if you advance that, and then look at those two points, they will have changed both on an X and a Y axis. And moving both on an X and a Y axis, by definition, is oblique. The magistrate herself said, used an apotenus. An apotenus is a very definition of an oblique. The expansion member moves on this apotenus with respect to the upper and lower body. And therefore, it's an oblique movement. Or at a minimum, there is evidence to support the submission to a jury, and the court erred in dismissing that claim as the basis of summary judgment. There's a corollary issue with regard to damages that sent these litigations and licensing. I think the parties have briefed that. Unless the court has questions, I won't burden your time with that. Thank you. Thank you, Your Honor. Can you just give us the site? We don't have to take your time for this. But I'm, because there are different things in the appendix. Your reference that we didn't let you talk about, because we assumed in our hypothetical that didn't exist. But what you're saying, the oral instruction and the other instructions, what are the sites for that in the appendix? Sure. So the oral instruction is from appendix page 4946. Those are the final instructions where the court said you must decide whether any of these items which have been proffered by Globus serve to invalidate. Is that the same as the final jury instruction, which is at appendix 28, in continuous? It's 49, 35, and 36. Okay. All right. Yeah, and apologies. I think some of the transcript pages are repeated in a few different places here. Your Honor, you referred to appendix page 28? No, 49, 46. Right. So I think there are three key pages from the final instructions. It's appendix page 49, 35. That's where the court says that invalidity infringement should be addressed as separate questions and should be answered separately by you, the jury. On appendix page 49, 46, that's where the court says you must decide whether there is an invalidity here. And critically, I think the next portion to focus on is 49, 56, which is the next page over. That's where the court gives a very clear conditional instruction as to damages. The court says if you find that FlexiSpine has proven infringement of one of the asserted claims and Globus has not shown that the claim to be invalid, then you must consider what amount of damages to award to FlexiSpine. I really think it's that instruction which makes this all clear because it's not as if the issue just wasn't considered how to do a conditional instruction. It was considered very clearly, and it was put into the final instructions when the parties were talking about damages as opposed to the substantive issues in the case, and that's actually consistent with Globus's proposed verdict forms all the way up until the trial. So what happens if you have a case where the court gives inconsistent instructions to the jury and neither party objects to the inconsistency? There must be cases about this. I mean, what happens? Right. I think that this happens from time to time, and the proper resolution is that you try to reconcile the verdict to the instructions that are appropriate. Now, I don't think that it's just a question of the oral instructions and the verdict form are on equal footing. For all the reasons that the panel has discussed, there's just no underlying evidence to support the notion that Globus was withdrawing its counterclaim. That's the real point, is that if we were looking at this in terms of what the right instructions are, there's no question that the right instruction was that the jury needed to address invalidity as a counterclaim, which had been asserted all through the case. We closed on it. In other words, what if the jury had come back and followed the instructions written in the verdict form in the first instance? So they come back, no infringement, everything else is blank. Right. Would you have had a basis to get up and scream, they messed up, you have to send them back because they were required to decide the validity issues and they haven't done that? To be totally fair, I think it would be a much closer case. I still think that Seventh Amendment waiver principles would operate in our favor. But that's a perfect question, because if that had happened, then we really would be in the domain of waiver. But our point here is that the jury reconciled an ambiguity in the instructions in the right way, because of those oral instructions, because of the way that the case had been presented. And as the district court itself noted, there had been no withdrawal of the jury demand under Rule 39. Like, for all of those reasons, the jury did the right thing. And it was only the district court who came in at the last minute and said, jury, you've got to go back without consulting the parties. I mean, that's really what happened here and why there was— It's amazing that he did that when the verdict form is so crystal clear and it's right there in front of the jury. It's easier than combing through the oral jury instructions. So it's not a surprise that he did that, right, given what the form looked like. Well, no, but by that same token, I think the jury came back and did the right thing. That's the main point. It was the judge who then, after the jury came back, told the jury, you've got to go back and redo this. But to answer your question, I think that the cases that we cited in our brief that talk about the reconciliation of special interrogatories to some view of the case, right, that's the constitutional standard. That's what's required on district court. So when you ask the question, well, what do we do when there's inconsistent instructions? This happens all the time. You're supposed to reconcile the verdict to some view of the case. So if we had unquestionably withdrawn our invalidity counterclaim and only presented it as an affirmative defense, but then the jury comes back and answers those questions and we say, judge, we want you to enter judgment on a counterclaim, we'd have a real problem doing that, right? But that's not the situation that was presented here. Here, the counterclaim is fairly presented based on all the evidence, the arguments, and the oral instructions. The jury rightfully answers those questions. And yet the judge does the opposite of what the Seventh Amendment case law requires, which is it says you've got to throw out that verdict and do it over again. And so if I could just, I know that I'm over my time, but I did want to talk just for a second about the cross appeal. Well, if you respond to the cross appeal, then your friend is going to get time to rebut your response, but... It's in the briefs. Okay. No question. We'll stand on our briefs. Thank you very much. No response. I would love to talk one more time, but as the court said... Thank you. If he doesn't, I don't. Thank you. We thank the parties and the cases submitted. May we be excused, Your Honor? Yes, please. Thank you, Your Honor.